IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CLARISSA GILMORE, <br><br> Plaintiff, <br><br> v. <br><br> ALBERTA W. MILTON, et al., <br><br> Defendants. | CIVIL ACTION NO.: 6:18-cv-115 |

**O R D E R**

As explained below, the Court **DISMISSES** Plaintiff's claims against Defendant Douglas M. Williams for Plaintiff's failure to prosecute, failure to respond to (much less follow) this Court's show cause order, and failure to timely serve Defendant Williams. The Clerk of Court is **DIRECTED** to lift the stay in this case. The Court will concomitantly issue the updated Rule 26 Instruction Order for use in Judge Baker's cases along with this Order. The parties are directed to hold a conference pursuant to Federal Rule of Civil Procedure 26(f) within **fourteen (14) days** of the date of this Order and to file a Rule 26(f) Report within **twenty-one (21) days** of the date of this Order. In conducting that conference and filing the report, the parties shall adhere to the directives contained in the updated Rule 26 Instruction Order. Throughout the case, the parties shall also adhere to the procedures previously noted by the United States Magistrate Judge at Docket Entry 23.

**BACKGROUND**

The factual and procedural history of this case is detailed in the Court December 9, 2020 Order. (Doc. 37.) In that Order, the Court granted Defendant Alberta W. Milton, Sabrini Carlene Lupo, Christina M. Irizarry, and Tarmarshe A. Smith's partial Motion to Dismiss, (doc. 27).

Within the Order, the Court noted that though Plaintiff named Defendant Douglas M. Williams in her Amended Complaint, she had not served Williams in this action. (Doc. 37, p. 1 n. 1, pp. 22–23.) The Court explained that while Plaintiff had not requested an extension to serve Defendant Williams, it would provide her the opportunity to demonstrate why the Court should not dismiss her claims against Williams. (Id. at p. 23.) The Court stated, "within fourteen days of the date of this Order, Plaintiff shall show cause as to why the Court should not dismiss her claims against Defendant Williams based on her failure to follow the Federal Rules of Civil Procedure and this Court's Local Rules regarding service. Should Plaintiff fail to show cause, the Court will dismiss all claims against Defendant Williams." (Id. at pp. 23–24.) Since that Order, Plaintiff has not explained why she failed to serve Defendant Williams. Indeed, Plaintiff's counsel has entirely failed to respond to the Court's show cause order.

**DISCUSSION**

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where she has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R.

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, the Court provided Plaintiff with notice that failure to show cause as to why Williams has not been served would result in dismissal of the claims against Williams.

41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss claims with caution, dismissal of Plaintiff's claims against Williams without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for

failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Moreover, Federal Rule of Civil Procedure Rule 4(m) mandates that the Court dismiss a complaint when a plaintiff fails to effect service within 90 days of the filing of the complaint. A plaintiff may request an extension of time for service of process upon the showing of good cause. Fed. R. Civ. P. 4(m). A plaintiff has the burden of demonstrating the existence of "good cause" justifying service outside of the deadline. Sanders v. Fluor Daniel, Inc., 151 F.R.D. 138, 139 (M.D. Fla. 1993). "To demonstrate good cause, the plaintiff must offer evidence that she (1) has proceeded in good faith; (2) has a reasonable basis for noncompliance and (3) the basis for the delay was more than simple inadvertence or mistake." Durgin v. Mon, 659 F. Supp. 2d 1240, 1258 (S.D. Fla. 2009), aff'd, 415 F. App'x 161 (11th Cir. 2011) (per curiam) (citing Sanders, 151 F.R.D at 139; Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1130–31 (11th Cir. 2005)).

Despite the Court's specific instructions, Plaintiff has disregarded the Court's Order directing her to show cause as to why Williams has not been served. Moreover, she has not served Defendant Williams within the time required by Rule 4(m), and she has not otherwise taken any action to prosecute her claims against Williams. Accordingly, the Court **DISMISSES without prejudice** Plaintiff's claims against Defendant Williams for failure to prosecute, failure to follow this Court's directives, and failure to timely serve Williams.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES without prejudice** Plaintiff's Claims against Defendant Williams and **DIRECTS** the Clerk of Court to terminate Defendant Williams from the docket of this case. Plaintiff's counsel is cautioned that the Court does not look favorably upon counsel's failure to respond to the Court's show cause order. Counsel's failure to serve

Defendant Williams compounded by her failure to respond to the Court's Order has wasted the parties' and the Court's time and efforts and has inhibited the speedy determination of this action. In the future, if Plaintiff's counsel chooses to ignore the Court's directives, the Court will have no choice but to levy sanctions against counsel.

**SO ORDERED**, this 25th day of June, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA