IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| CLARISSA GILMORE, | |
| Plaintiff, | CIVIL ACTION NO.: 6:18-cv-115 |
| v. | |
| ALBERTA W. MILTON, et al., | |
| Defendants. | |

**O R D E R**

Plaintiff Clarissa Gilmore brought this 42 U.S.C. § 1983 action alleging that she was subjected to an unconstitutional strip search at Smith State Prison ("SSP") when she was visiting an inmate. (See, e.g., doc. 50, p. 1.) The defendants moved for summary judgment, (see id.), and the Magistrate Judge entered a Report and Recommendation on that motion, (see doc. 64). Both parties have objected to the Magistrate Judge's recommendations. (See docs. 65 & 66.) After a careful de novo review, the Court **ADOPTS** the Report and Recommendation, as modified by the discussion below. (Doc. 64); see also 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). Defendants' Motion for Summary Judgment is **GRANTED, in part**, and **DENIED, in part**. (Doc. 50.)

BACKGROUND

No party objects to the Magistrate Judge's summary of the facts. (See docs. 65 & 66.) The Court, therefore, adopts the Magistrate Judge's summary. (See doc. 64, pp. 2-6.) Briefly, the relevant facts are that Plaintiff Clarissa Gilmore visited her ex-husband, an inmate at Smith

State Prison. (Id., p. 2.) She was admitted to the Visitation Room and visited her ex-husband for approximately thirty minutes. (Id., pp. 3-4; see also id. at 4 n. 2 (noting ambiguity in chronology)). Defendants contend, and Plaintiff disputes, that she and her ex-husband engaged in suspicious behavior during their visit. (Id., pp. 4-5.) There is no dispute, however, that Defendant Milton directed Plaintiff to accompany her and Defendant Irizarry to a bathroom where Plaintiff was strip searched. (Id. at 5-6.) The details of the search are strongly disputed. (Id. at 6.) Again, however, there is no dispute that Plaintiff was required to remove all of her clothing, including her underclothing, during the course of the search. (Id.).

## ANALYSIS

Neither party disputes the Magistrate Judge's statement of the applicable summary-judgment standard. (See doc. 64, pp. 6-8; see also docs. 65 & 66.) The Court, therefore, adopts the Report and Recommendation's statement of the standard. The Magistrate Judge first considered Defendants' argument that they are all entitled to summary judgment on their qualified immunity defense to Plaintiff's Fourth Amendment § 1983 claim. (Doc. 64, pp. 8-27.) The Magistrate Judge then considered Defendants' argument that Defendant Smith is entitled to summary judgment on Plaintiff's supervisory liability claim. (Id., pp. 27-30.) Finally, the Magistrate Judge considered Defendants' request for summary judgment on Plaintiff's claim for punitive damages under Georgia law. (Id., pp. 30-32.)

Plaintiff objects to the Magistrate Judge's recommendation that summary judgment be granted for Defendants on their qualified immunity defense. (See generally doc. 66.) Defendants filed a response in opposition to Plaintiff's objection. (See generally doc. 67.) Although, as discussed below, the Magistrate Judge recommended granting summary judgment on the merits of Plaintiff's supervisory liability claim against Defendant Smith, he objects that the

Magistrate Judge made no recommendation that it be granted on his alternative qualified-immunity defense. (See doc. 65, p. 2.) The Court considers the recommendations and objections in that order below. No party objected to the Magistrate Judge's recommendation that Defendants' Motion be denied as moot, to the extent it sought summary judgment on Plaintiff's claim for punitive damages. (See doc. 64, pp. 30-32; see generally docs. 65 & 66.)

**A. Qualified Immunity**

No party disputes the Magistrate Judge's statement of the standard applicable to an assertion of qualified immunity. (See doc. 64, pp. 8-11; see also docs. 65 & 66.) Moreover, no party objects to the Magistrate Judge's determination that Defendants have made the threshold showing that they acted within their respective discretionary authorities at all relevant times. (See doc. 64 at 11; see also doc. 66.) After a de novo review, the Court adopts the Magistrate Judge's statement of the qualified immunity standard and his conclusion that Defendants made the required threshold showing.

As the Magistrate Judge recognized, once a defendant makes the threshold showing, "the Court must grant defendants qualified immunity unless plaintiff has shown (a) a violation of the Constitution by any defendant, (b) the illegality of which was clearly established at the time of the incident." (Doc. 64, p. 10 (citing Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010) (citations omitted)). He also pointed out that the Court has discretion in ordering the qualified immunity inquiry; providing flexibility to "'rather quickly and easily decide that there was no violation of clearly established law before turning to the more difficult question of whether the relevant facts make out a constitutional violation at all.'" (Doc. 64, pp. 12-13 (quoting doc. 37, p. 13.)) The Magistrate Judge proceeded to analyze whether the quantum of suspicion required to conduct a strip search of a prison visitor was clearly established at the time of the events at issue.

3

(Doc. 64, pp. 13-24.)  Plaintiff's objection is wholly focused on that analysis. (See generally doc. 66.)

The dispositive question for Defendants' qualified immunity argument is whether it was clearly established that a strip search of a prison visitor requires, at least, reasonable suspicion. (See doc. 64, pp. 13-14.)  Plaintiff's original briefing argued that the reasonable suspicion standard is established by both case law and "obvious clarity."  (Id.)  As discussed in more detail below, the Magistrate Judge rejected both of those arguments.  Plaintiff objects to both conclusions.

Plaintiff begins her objections by arguing that the "magistrate judge failed to conduct a complete analysis of the standard that should be applied to Plaintiff's strip search."  (Doc. 66, p. 1.)  Specifically, she contends that he "did not address whether or not it is 'clearly established' that Defendants could strip search Plaintiff without any suspicion or justification." (Id.)  It is Plaintiff's burden, upon a valid assertion of qualified immunity, to show that it was clearly established that defendants could not conduct a strip search upon less than reasonable suspicion. Moreover, her broad assertion that the "Fourth Amendment 'clearly established'" the impermissibility of the search in question entirely ignores the repeated admonitions, quoted by the Magistrate Judge, that specificity is particularly important in the fact-intensive Fourth Amendment context. (See doc. 64, p. 15 (citing District of Columbia v. Wesby, ___ U.S. ___, 138 S. Ct. 577, 590 (2018)).

Plaintiff's second argument, that the Magistrate Judge improperly weighed facts and misunderstood her contention that "a strip search of a prison visitor without *any* justification violates clearly established law," is similarly mistaken.  (Doc. 66, p. 3.)  The Magistrate Judge did not avoid that question, but concluded that "[i]f it is reasonable to think that visitors present a

4

greater threat to prison security tha[n] inmates, in some circumstances, Powell and Florence preclude a firm conclusion that strip searches of visitors based on less than reasonable suspicion, or perhaps no particularized suspicion at all, are never constitutionally permissible." (Doc. 64, p. 21 (second emphasis added).) Plaintiff's argument effectively repeats arguments made before, and rejected by, the Magistrate Judge that reasonable suspicion should be required before prison employees strip search a prison visitor. The Magistrate Judge acknowledged the facial plausibility of that contention multiple times. (See, e.g. doc. 64 at 23.) The Magistrate Judge recognized, however, that qualified immunity does not depend upon whether this Court might be persuaded that reasonable suspicion is required; the question is whether that requirement is clearly established. (Id. (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 743 (2011) ("When properly applied, [qualified immunity] protects all by the plainly incompetent or those who knowingly violate the law.")). As discussed below, the Court agrees with the Magistrate Judge that, while reasonable suspicion might be a plausible standard in this context, Plaintiff has not borne her burden to show that the requirement is clearly established.

The Magistrate Judge concluded that case law did not clearly establish, specifically or generally, that strip searching a prison visitor on less than reasonable suspicion violated the Constitution. (See doc. 64, pp. 13-24.) Plaintiff's objection to the Magistrate Judge's analysis of the case law is not persuasive. The Court is not persuaded by her attempt to minimize the Eleventh Circuit's qualification in Evans that distinguishes "safety and security" strip searches from "a post-arrest inventory strip search by the police looking for evidence." (See doc. 64 at 15-16 (citing Evans v. Stephens, 407 F.3d 1272, 1279 (11th Cir. 2005)). Her reading of Evans depends upon the premise that the quantum of suspicion necessary to justify a strip search of a prison visitor must be at least as high as the quantum of suspicion required to search an arrestee or

5

inmate.  (See doc. 66, pp. 5-6.)   The Court, however, agrees with the Magistrate Judge's—and, indeed, the Evans court's own—distinction of its facts from the facts at issue here.  (See doc. 64, pp. 15-16 (quoting Evans, 407 F.3d at 1279).  Her Objection's assertion that Brent v. Ashley clearly established the reasonable suspicion standard is equally dubious, given the wholly distinct factual circumstances.  (Doc. 66, p. 8.)  The Magistrate Judge's discussion of Florence makes clear that it acknowledged "permissible strip searches on less than reasonable suspicion . . . ." (Doc. 64 at 17.)   If some strip searches are permissible upon less than reasonable suspicion, defendants' qualified immunity depends upon whether Plaintiff identifies cases that establish that strip searches of prison visitors are not among them.   None do.[1]   All of her arguments from case law rely on, what the Magistrate Judge described as, her "*a fortiori* argument," that searches of prison visitors require "at a minimum," the quantum of suspicion required for inmates of various descriptions.  (Doc. 64, p. 26.)   The inferential leap that argument demands, however plausible it might be, precludes a finding that its conclusion is "clearly established" by existing case law.[2]

      The Magistrate Judge also considered whether, even if it was not clearly established that the initiation of a strip search, based on less than reasonable suspicion, violated the Fourth Amendment, it was clearly established that the conduct of the search did.  (See doc. 64, p. 24.) The Magistrate Judge noted that Plaintiff bears the burden of showing that the scope of her rights

---

[1]  Plaintiff's assertion that out-of-circuit precedent establishes reasonable suspicion as the correct standard ignores the Magistrate Judge's discussion of Florence.  (See doc. 66, p. 4; see also doc. 64, pp. 17-18.) The Magistrate Judge concluded that the Supreme Court's opinion in Florence altered the application of those prior cases. (Doc. 64, p. 17.)

[2]  Plaintiff's admonition concerning creation of inter-circuit conflict is also misplaced.  (Doc. 66, p. 5.) The question for evaluating defendants' assertion of qualified immunity is whether the reasonable-suspicion standard is clearly established.   Even if this Court concludes that it is not clearly established, that hardly conflicts with other circuits' conclusions that it is the proper standard, even assuming Plaintiff were correct in her assertion of those cases' application after Florence.   The conclusion drawn by the Magistrate Judge--that the quantum of suspicion required to conduct a strip search of a prison visitor is not clearly established and, thus, might be less than reasonable suspicion—would not establish that reasonable suspicion is not required, it merely recognizes the possibility that it is not required.

was clearly established. (Id., p. 25.) He also found that her reliance on authority discussing the rights of arrestees and detainees was not persuasive. (Id., pp. 25-26.) Plaintiff summarizes the authority she relies upon as clearly establishing that "1) inmates retain their fourth amendment rights to be free from unreasonable searches and seizures; 2) only visual strip searches have been deemed constitutional for inmates; and 3) inmate strip searches can be abused if done for an impermissible purpose . . . ." (Doc. 66, p. 10 (emphasis added).) That summary makes clear that Plaintiff's contention, again, depends upon her premise that the standards for visitor strip searches must be at least as stringent as those for inmates. However, beyond the rhetorical plausibility of that premise, the Court is not persuaded that it is "clearly established." (See doc. 64, pp. 20-21.) The Court, therefore, agrees with the Magistrate Judge's conclusion that Plaintiff has not borne her burden to show that the violative character of a contact search of a prison visitor was clearly established. (Id., pp. 24-25.)

Plaintiff's Objection concludes: "If searches of prisoners must be reasonable, logic and common sense dictate that searches of those not detained must at least meet this minimal standard. Therefore, if reasonable suspicion is required to search someone suspected of carrying contraband, the obvious illegality of conducting a quasi-physical strip search of a prison visitor absent reasonable suspicion violates the most fundamental principles of personal privacy and dignity under the Fourth Amendment." (Doc. 66, pp. 12-13.) The undersigned, like the Magistrate Judge, is "not unsympathetic to Plaintiff's argument that reasonable suspicion should be required before subjecting a prison visitor to a strip search." (Doc. 64, p. 23.) However, the Court agrees with the Magistrate Judge's conclusion that, however plausible Plaintiff's contention, she has not borne her burden to show that the right at issue was clearly established at the time of defendants' alleged misconduct. (Id., pp. 26-27.) Accordingly, the Court **ADOPTS** the Report and

Recommendation, (doc. 64, in part), and **GRANTS** Defendants' Motion for Summary Judgment, to the extent that it asserts they are entitled to qualified immunity on Plaintiff's Fourth Amendment claim, (doc. 50, in part).

### B. Supervisory Liability

Defendants' objection can be resolved with relative dispatch. Defendants object that the Magistrate Judge did not recommend granting summary judgment as to Defendant Smith's assertion of qualified immunity on Plaintiff's supervisory liability claim against him. (See doc. 65 at 1-2.) The Magistrate Judge noted that Defendants' arguments for summary judgment on Smith's supervisory liability "are cursory, at best." (Doc. 64, p. 27.) He further noted that Plaintiff's responses did not address those cursory arguments at all. (Id.) The Magistrate Judge construed Defendants' argument as asserting that Plaintiff would be unable to bear her burden of showing Smith's participation in the allegedly unconstitutional search or a causal connection between his actions and the alleged constitutional violation. (Id. at 28-29.) Such a failure, the Magistrate Judge explained, would be fatal to Plaintiff's supervisory-liability claim. (Id., p. 29 (citing Keith v. DeKalb Cnty., 749 F.3d 1034, 1047-48 (11th Cir. 2014) ("[T]o hold a supervisor liable a plaintiff must show that the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation.").) The Magistrate Judge explained that the only evidence Plaintiff cites in support of her supervisory liability claim is a statement in her deposition that she was unaware of whether Smith, or indeed anyone, ordered the search. (Doc. 64, p. 30.) The Magistrate Judge then explained "Plaintiff's ignorance about who ordered the search is, quite obviously, insufficient to support a [supervisory liability] claim against Smith . . . ." (Id.) Plaintiff has not objected to

8

the Magistrate Judge's conclusion that Smith was entitled to summary judgment on her supervisory liability claim.  (See generally doc. 66.)

The Magistrate Judge's Report and Recommendation is **ADOPTED** to the extent that it recommends that summary judgment be granted for Smith on the merits of Plaintiff's supervisory liability claim.  (Doc. 64, p. 30.)   Defendants' Motion for Summary Judgment is **GRANTED** to the extent that it seeks summary judgment as to Smith's supervisory liability.   (Doc. 50, in part.)  The Court, like the Magistrate Judge, declines to consider the argument, in the alternative, that Smith is also entitled to summary judgment based on qualified immunity.   (See doc. 50-1, p. 20.)  Cf. Goebert v. Lee Cnty, 510 F.3d 1312, 1325 n. 5 (11th Cir. 2007) (declining to consider summary judgment on any "alternative ground the district court did not reach."); Sharma v. Johnston, 515 F. App'x 818, 820 n. 2 (11th Cir. 2013) ("Because, on the merits, summary judgment was appropriate . . . , we need not consider [the] alternative arguments that summary judgment was proper on the basis of . . . qualified immunity."); Mosley v. Caraviello, 2021 WL 1725519, at *8 (S.D. Ga. Mar. 26, 2021) ("Because Defendant is entitled to summary judgment on the merits of Plaintiff's claim . . . the Court need not address Defendant's qualified immunity argument."), adopted 2021 WL 173229 (S.D. Ga. Apr. 30, 2021).   Defendants' objection is **OVERRULED**.  (Doc. 65.)

## CONCLUSION

For the reasons explained above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation.  (Doc. 64.)   Accordingly, Defendants' Motion for Summary Judgment is **GRANTED, in part**, and **DENIED, in part**.  (Doc. 50.)   It is **GRANTED** to the extent that it seeks summary judgment on Defendants' assertion of qualified immunity against Plaintiff's Section 1983 Fourth Amendment claims, and to the extent it seeks summary judgment on the

merits of Plaintiff's supervisory liability claim against Defendant Smith.   It is **DENIED** as moot to the extent that it seeks summary judgment on Plaintiff's claim for punitive damage.   The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 18th day of January, 2023.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA